UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT L. ACOSTA, WILLIAM D. ADAMS,
FELIX P. ALEJANDRO, LOUIS A. ANGRISANO,
MICHAEL C. ANGRISANO, JR., JEFFERY T.
ARHONE, WILLIAM M. BABCOCK, HERIBERTO
BAEZ, MICHAEL F. BARREN, THOMAS P.
BARRETT,

                Plaintiffs,

vs.

AMERICAN LAFRANCE, LLC, d/b/a
AMERICAN LAFRANCE-LTI and/or
AMERICAN LAFRANCE AERIALS, KOVATCH
MOBIL EQUIPMENT CORP., SEAGRAVE FIRE
APPARATUS, LLC, MACK TRUCKS, INC.,
PIERCE MANUFACTURING, INC., and FEDERAL
SIGNAL CORPORATION

                Defendant.

Case No. 1:14-cv-881

---

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Pierce Manufacturing, Inc. ("Pierce"), hereby removes the action entitled <u>Robert L. Acosta, et al. v. American LaFrance, LLC, et al.</u>, Index Number 810639/2014, filed in the Supreme Court, County of Erie, State of New York, to the United States District Court, Western District of New York based on the following grounds:

**A. <u>Related Cases</u>.**

    1.    This action was filed on or about September 17, 2014 in the Supreme Court of the State of New York, County of Erie ("Subject Action"). A true and correct copy of the Complaint is attached as <u>Exhibit A</u>.

2. Plaintiffs allege that they were injured during their employment as firefighters for the Fire Department of the City of Buffalo by repeated exposure to noise produced by fire-apparatus sirens installed on emergency vehicles. The sirens were allegedly manufactured, marketed, distributed and/or sold by Defendant Federal Signal Corporation. The remaining Defendants allegedly manufactured, marketed, distributed and/or sold the emergency vehicles upon which the sirens were installed and in which the plaintiffs claim they rode. See Exhibit A.

3. In Erie County, Plaintiffs' attorneys have filed twenty (20) complaints naming 193 different Plaintiffs ("Removed Actions"). The Removed Actions are contemporaneously being removed to the Western District of New York. The Removed Actions are entitled:

    a. *Acosta, et al. v. Federal Signal Corporation, et al.,* Index No. 810639/14

    b. *Bautista, et al. v. Federal Signal Corporation, et al.,* Index No. 810619/14

    c. *Brown, et al. v. Federal Signal Corporation, et al.,* Index No. 810615/14

    d. *Clark, et al. v. Federal Signal Corporation, et al.,* Index No. 810612/14

    e. *Crocker, et al. v. Federal Signal Corporation, et al.,* Index No. 810611/14

    f. *Fitzpatrick, et al. v. Federal Signal Corporation, et al.,* Index No. 810605/14

    g. *Harrington, et al. v. Federal Signal Corporation, et al.,* Index No. 810604/14

    h. *Hofstetter, et al. v. Federal Signal Corporation, et al.,* Index No. 810603/14

    i. *Johnson, et al. v. Federal Signal Corporation, et al.,* Index No. 810601/14

    j. *Kinsley, et al. v. Federal Signal Corporation, et al.,* Index No. 810635/14

    k. *Lotocki, et al. v. Federal Signal Corporation, et al.,* Index No. 810641/14

    l. *McAllister, et al. v. Federal Signal Corporation, et al.,* Index No. 810643/14

    m. *Menge, et al. v. Federal Signal Corporation, et al.,* Index No. 810649/14

n. *Perry, et al. v. Federal Signal Corporation, et al.,* Index No. 810651/14

o. *Relosky, et al. v. Federal Signal Corporation, et al.,* Index No. 810653/14

p. *Sanford, et al. v. Federal Signal Corporation, et al.,* Index No. 810654/14

q. *Stanton, et al. v. Federal Signal Corporation, et al.,* Index No. 810618/14

r. *Swarez, et al. v. Federal Signal Corporation, et al.,* Index No. 810642/14

s. *Walls, et al. v. Federal Signal Corporation, et al.,* Index No. 810648/14

t. *Wrest, et al. v. Federal Signal Corporation, et al.,* Index No. 810576/14

4. The Removed Actions are merely the most recent series of cases in national, coordinated mass tort litigation being pursued against Defendants in multiple courts. Since 1999, thousands of claims by firefighters claiming hearing loss from repeated exposure to siren noise have been filed in Illinois, Pennsylvania, Missouri, New Jersey, Maryland, and New York.

**B. Consent of Served Defendants.**

5. Defendant American LaFrance, LLC d/b/a American LaFrance-LTI, and/or American LaFrance Aerials ("ALF") has consented to removal. A true and correct copy of ALF's consent form is attached as Exhibit B.

6. Defendant Kovatch Mobile Equipment Corp. ("KME") has consented to removal. A true and correct copy of KME's consent form is attached as Exhibit C.

7. Defendant Seagrave Fire Apparatus, LLC ("Seagrave") has not yet been served with process.

8. Defendant Mack Trucks, Inc. ("Mack") has not yet been served with process.

9. Defendant Federal Signal Corporation ("Federal Signal") has consented to removal. A true and correct copy of Federal Signal's consent form is attached as Exhibit D.

### C. Removal is Timely.

10. Federal Signal is the first served defendant, as it accepted service of the summonses and complaints in the Removed Actions on September 25, 2014. Pierce was served with process on October 10, 2014.

11. Pursuant to NY CPLR 3017(c), Plaintiffs did not state the amount of damages to which the pleader deems himself entitled in the Removed Actions. Thus, under *Moltner v. Starbucks Coffee Co.*, 624 F. 3d 34, 38 (2d Cir. 2010), the 30-day window in which to remove has not yet begun to run on any of the Removed Actions.

12. Even though the 30-day window for removing has not begun to run, removal is proper where the evidence supports the existence of federal jurisdiction. *Cutrone v. MERS, Inc.*, 749 F. 3d 137, 146-47 (2d Cir. 2014).

13. Even if Pierce's 30-day window for removing had already started to run, the Notice of Removal was timely filed within thirty (30) days of service pursuant to 28 U.S.C. §1446(b).

### D. Papers Filed in the Subject Action.

14. Pursuant to Local Rule 81(a)(3), an index identifying each document filed and/or served in the state court action, as well as copies of those documents, are attached collectively as Exhibit E.

### E. Diversity.

15. According to the Complaint, Plaintiffs are all citizens and residents of New York, and are employed as firefighters by the Fire Department of the City of Buffalo. See Exhibit A at ¶¶ 1-10.

16. Pierce is a foreign corporation organized under the laws of the State of Wisconsin with its principal place of business in Wisconsin. A true and correct copy of the Wisconsin Department of Financial Institutions business entity record on Pierce is attached as Exhibit F. Plaintiff acknowledges that Pierce is a Wisconsin corporation. See Exhibit A at ¶ 47. Thus, there is complete diversity between Plaintiffs and Pierce.

17. ALF is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania. A true and correct copy of the Delaware Department of State business entity record on American LaFrance is attached as Exhibit G. Plaintiff acknowledges that American LaFrance is a Delaware corporation. See Exhibit A at ¶ 11. Thus, there is complete diversity between Plaintiffs and ALF.

18. KME is a foreign corporation organized under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. A true and correct copy of the Pennsylvania Department of State business entity record on KME is attached as Exhibit H. Plaintiff acknowledges that KME is a Pennsylvania corporation. See Exhibit A at ¶ 20. Thus, there is complete diversity between Plaintiffs and KME.

19. Seagrave is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Wisconsin. A true and correct copy of the Delaware Department of State business entity record on Seagrave is attached as Exhibit I. Plaintiff acknowledges that Seagrave is a Delaware corporation. See Exhibit A at ¶ 29. Thus, there is complete diversity between Plaintiffs and Seagrave.

20. Mack is a foreign corporation organized under the laws of the State of Pennsylvania with its principal place of business in North Carolina. A true and correct copy of

the Pennsylvania Department of State business entity record on Mack is attached as <u>Exhibit J</u>. Plaintiff acknowledges that Mack is a Pennsylvania corporation. <u>See</u> Exhibit A at ¶ 38. Thus, there is complete diversity between Plaintiffs and Mack Trucks, Inc.

21. Federal Signal is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in Illinois. A true and correct copy of the Delaware Department of State business entity record on Federal Signal is attached as <u>Exhibit K</u>. Plaintiff acknowledges that Federal Signal is a Delaware corporation. <u>See</u> Exhibit A at ¶ 56. Thus, there is complete diversity between Plaintiffs and Federal Signal.

22. Based on complete diversity between Plaintiffs and Defendants, removal is proper and this Court has jurisdiction over Plaintiffs' claims.

**F. <u>Amount in Controversy</u>**

23. Although Plaintiffs' claims do not include an explicit statements of damages sought, ample evidence supports Pierce's contention that the amount in controversy exceeds $75,000.00. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (it must appear "to a legal certainty" that claim is really for less than the jurisdictional amount to justify remand); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003) (defendant must show a "reasonable probability" that claim is for more than jurisdictional amount while party opposing jurisdiction must show "to a legal certainty" that amount recoverable does not meet jurisdictional threshold); *Leslie v. Banctec Serv. Corp.*, 928 F. Supp. 341, 348 (S.D.N.Y. 1996) (noting that if complaint does not allege an amount of recovery, the court must rely on the removal notice to assess the value of the claim).

24. As stated above, the Removed Actions are the most recent series of cases in national, coordinated mass tort litigation being pursued against Defendants in multiple courts. Since 1999, thousands of claims by firefighters claiming hearing loss from repeated exposure to siren noise have been filed in Illinois, Pennsylvania, Missouri, New Jersey, Maryland, and New York.

25. The attorneys who brought the present cases in Erie County, New York - Marc J. Bern and Joseph J. Cappelli - have extensive history bringing these lawsuits. Attorney Cappelli has filed hundreds of cases involving firefighters both in Philadelphia County, Pennsylvania and Cook County, Illinois. Attorney Bern has tried two cases in the Circuit Court of Cook County, Illinois and has orchestrated the filing of hundreds of additional cases since 2013 in Pittsburgh, Pennsylvania, Erie, Pennsylvania and Buffalo, New York. Attorney Bern is expected to file suits in many other jurisdictions as well.

26. Attorney Cappelli personally tried three lawsuits that went to verdict in 2010. Only one of those cases resulted in a plaintiff's verdict. It was a single plaintiff trial. The jury awarded $100,000.00. The verdict, however, was remitted to $75,000.00 because Attorney Cappelli agreed (when the cases were filed) to a binding irrevocable stipulation that he would not seek damages in excess of $75,000.00 at any time during the pendency of the case to defeat federal jurisdiction. A true and correct copy of the verdict is attached as <u>Exhibit L</u>.

27. While Attorney Cappelli has successfully recovered more than $75,000.00 in at least one hearing loss case, his co-counsel, Attorney Bern, has explicitly sought damages in excess of $75,000.00. Although he lost the trial, in 2012 in *Christine Rago vis à vis John Franco v. Federal Signal Corporation*, Case No. 00 L 6489, in the Circuit Court of Cook County Illinois,

7

Attorney Bern suggested to the jury that the plaintiff's damages (for the same injuries as the Subject Action) should be at least $250,000.00. A true and correct copy of the relevant portions of Attorney Bern's closing argument is attached as Exhibit M.

28. Attorney Cappelli did not just irrevocably stipulate to a single plaintiff's case; he executed binding and irrevocable stipulations for fifty-five (55) firefighters that sued in the Court of Common Pleas in Philadelphia County, Pennsylvania in 2007. A true and correct copy of the stipulations are attached collectively as Exhibit N.

29. Even though the prior history establishes that Plaintiffs' counsel have agreed to binding stipulations that they will not seek damages in excess of $75,000.00 at trial, here, Plaintiffs' counsel have repeatedly refused to sign such stipulations. On October 9, 2014, counsel for Federal Signal sent Plaintiffs' counsel a draft stipulation for the Removed Actions regarding the amount in controversy which, like the prior stipulations, provided that plaintiffs will not seek damages more than $75,000.00. A true and correct copy of the email and proposed stipulation are attached collectively as Exhibit O. On October 23, 2014, counsel for Federal Signal confirmed for Plaintiffs' counsel that, absent a binding stipulation, Defendants intended to remove. A true and correct copy of the email is attached as Exhibit P.

30. Plaintiffs' counsel have not responded to the emails and have verbally indicated that they would not execute the proposed stipulations for the Removed Actions. This refusal to execute a binding stipulations, particularly where they did so in the past, strongly supports Pierce's claim that the amount in controversy has been met. *See Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459-60 (S.D.N.Y. 2008) (denied motion to remand where plaintiff would not agree to limit damages to $75,000.00 to avoid removal to federal court); *Armstrong v. ADT Sec. Servs.*,

2007 U.S. Dist. LEXIS 5452, *7-8 (S.D.N.Y. Jan. 23, 2007) (denied motion to remand where plaintiff refused to stipulate that he would seek less than $75,000.00); *Juarbe v. Kmart Corp.*, 2005 U.S. Dist. LEXIS 17247, *4 (S.D.N.Y. Aug. 17, 2005) (denied motion to remand where defendant sent plaintiff an offer to stipulate to remand to state court if plaintiff would agree to limit total recovery to $75,000.00 and the offer was not executed or returned).

31. Finally, each Plaintiff alleges that he was "seriously injured" and "suffered permanent and irreversible hearing loss" and that his damages exceed the jurisdictional limits of all lower Courts of the State of New York. *See Juarbe v. Kmart Corp.*, 2005 U.S. Dist. LEXIS 17247, *4 (S.D.N.Y. Aug. 17, 2005) (concluding based on plaintiff's description of her severe, serious and permanent injuries that the $75,000.00 jurisdictional threshold had been met).

32. Based on the foregoing, there is a "reasonable probability" that Plaintiffs' claims are for more than $75,000.00.

**G. Miscellaneous.**

33. Pursuant to 28 U.S.C. § 1446, a Notice of Filing Removal is being filed with the Supreme Court of the State of New York, County of Erie.

34. Pursuant to Local Rule 81(a)(4), the undersigned hereby certifies that she has provided all other parties in the Subject Action with the Notice of Removal and attachments being filed with this Court.

35. By filing this Notice of Removal, neither Pierce nor the Named Co-Defendants waive any defense that may be available to them.

36. Pierce reserves the right to amend or supplement this Notice of Removal.

DATED:	October 24, 2014

        Respectfully submitted,

    By:	/s/ Marybeth Priore
        Anthony J. Colucci, III
        Marybeth Priore
        COLUCCI & GALLAHER, P.C.
        2000 Liberty Building
        Buffalo, New York 14202-3695
        (716) 853-4080
        ajc3@colucci-gallaher.com
        mpriore@colucci-gallaher.com
        *Attorneys for Pierce Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 24, 2014, a copy of this Notice of Removal, with exhibits, was served on the following counsel of record by depositing a copy in the United States Mail, first class postage prepaid:

Joseph J. Cappelli, Esq.
Cappelli Mustin
101 W. Elm Street, Ste 630
Conshohocken  PA  19428
610-941-4444
www.cappellimustin.com
*Attorney for Plaintiffs*

Marc C. Bern, Esq.
Napoli, Bern, Ripka, Shkolnik, LLP
Empire State Building
350 Fifth Avenue, Ste 7413
New York,  NY  10118
215-267-3700
*Attorney for Plaintiffs*

Morgan A. Sack Esq.
Cipriani & Werner
450 Sentry Parkway, Ste 200
Blue Bell,  PA  19422
610-567-0700
msack@c-wlaw.com
*Attorneys for Kovatch Mobile Equipment Corp.*

Russell S. Massey, Esq.
Billett & Associates LLC
2000 Market Street, Suite 2803
Philadelphia,  PA 19103
215-496-7500
rmassey@billetlaw.com
*Attorneys for Seagrave Fire Apparatus, LLC*

J. David Duffy, Esq.
Audrey Mense, Esq.
Thompson Coburn LLP
55 E. Monroe Street
Chicago  IL  60603
312-580-2225
dduffy@thompsoncoburn.com
*Attorneys for Federal Signal Corporation*

John J. Jablonski, Esq.
Goldberg Segalla
664 Main Street, Suite 400
Buffalo, New York 14203
(716) 566-5469
jjablonski@goldbergsegalla.com
*Attorneys for Federal Signal Corporation*

Adam J. Long, Esq.
Long & Long, LLC
305 West Pittsburgh Street
Greensburg,  PA  15601
877-926-7998
adam@longandlongllc.com
*Attorney for Mack Truck, Inc.*

Christopher J. Kelleher, Esq.
Cipriani & Werner PC
450 Sentry Parkway, Ste 200
Blue Bell,  PA  19422
610-567-0700
ckelleher@c-wlaw.com
*Attorneys for American LaFrance*

        /s/ Marybeth Priore