IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **ROBERT L. ACOSTA, et al.** | : | |
| | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | NO: 1:14-cv-881 |
| **AMERICAN LAFRANCE, LLC, et al.** | : | |
| | : | |
| Defendants | : | |

## AMENDED COMPLAINT

Plaintiffs Robert L. Acosta, William D. Adams, Felix P. Alejandro, Louis A. Angrisano, Michael C. Angrisano, Jr., Jeffery T. Arnone, William M. Babcock, Heriberto Baez, Michael F. Barren, and Thomas P. Barrett by and through their attorneys, for their Complaint against the defendants, allege as follows:

## THE PARTIES

1. Plaintiff, Robert L. Acosta, is an adult individual residing at 1479 Eden Evans Center, Augola, New York, who has been employed by the City of Buffalo Fire Department since 1986.

2. Plaintiff, William D. Adams, is an adult individual residing at 56 Vulcan Street, Buffalo, New York, who has been employed by the City of Buffalo Fire Department since 1993.

3. Plaintiff, Felix P. Alejandro, is an adult individual residing at 226 Delaware Street, Tonawanda, New York, who has been employed by the City of Buffalo Fire Department since 1987.

4. Plaintiff, Louis A. Angrisano, is an adult individual residing at 25 Pfohl Terrace, Buffalo, New York, who has been employed by the City of Buffalo Fire Department since 1985.

1

5. Plaintiff, Michael C. Angrisano, Jr., is an adult individual residing at 4440 Harris Hill Road, Williamsville, New York, who has been employed by the City of Buffalo Fire Department since 1993.

6. Plaintiff, Jeffery T. Arnone, is an adult individual residing at 140 Linden Avenue, Buffalo, New York, who has been employed by the City of Buffalo Fire Department since 1988.

7. Plaintiff, William M. Babcock, is an adult individual residing at 199 Cranwood Drive, West Seneca, New York, who has been employed by the City of Buffalo Fire Department since 1997.

8. Plaintiff, Heriberto Baez, is an adult individual residing at 207 Efner Street, Buffalo, New York, who has been employed by the City of Buffalo Fire Department since 1987.

9. Plaintiff, Michael F. Barren, is an adult individual residing at 660 Indian Church Road, West Seneca, New York, who has been employed by the City of Buffalo Fire Department since 1986.

10. Plaintiff, Thomas P. Barrett, is an adult individual residing at 101 Culver Road, Buffalo, New York, who has been employed by the City of Buffalo Fire Department since 1992.

11. Defendant American LaFrance, LLC, d/b/a/ American LaFrance-LTI and/or American LaFrance Aerials (hereinafter jointly ALF) is a corporation organized and existing under the laws of the State of Delaware that maintains a principal place of business located at 64 Cocalico Creek Road, Ephrata, Pennsylvania.

12. Defendant ALF is a foreign corporation duly authorized to conduct business in the State of New York.

13. Defendant ALF is a corporation doing business in the State of New York.

14. Defendant ALF is organized, existing and/or doing business in the State of New

York, pursuant to the laws of New York.

15. That at all times mentioned herein, defendant ALF, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

16. That at all times mentioned herein, defendant ALF, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

17. Defendant ALF was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatuses and other emergency vehicles.

18. At all times relevant hereto, defendant ALF regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

19. Defendant ALF manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

20. Defendant Kovatch Mobile Equipment Corporation (hereinafter KME) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

21. Defendant KME is a foreign corporation duly authorized to conduct business in the State of New York.

22. Defendant KME is a corporation doing business in the State of New York.

23. Defendant KME is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

24. That at all times mentioned herein, defendant KME, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

25. That at all times mentioned herein, defendant KME, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

26. Defendant KME was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

27. At all times relevant hereto, defendant KME regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

28. Defendant KME manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

29. Defendant Seagrave Fire Apparatus, LLC (hereinafter Seagrave) is a corporation organized and existing under the laws of the State of Delaware.

30. Defendant Seagrave is a foreign corporation duly authorized to conduct business in the State of New York.

31. Defendant Seagrave is a corporation doing business in the State of New York.

32. Defendant Seagrave is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

33. That at all times mentioned herein, defendant Seagrave, transacted business

within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

34. That at all times mentioned herein, defendant Seagrave, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

35. Defendant Seagrave was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

36. At all times relevant hereto, defendant Seagrave regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

37. Defendant Seagrave manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had Defendant Federal Signal's sirens incorporated into the apparatuses.

38. Defendant Mack Trucks, Inc. (hereinafter Mack) is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

39. Defendant Mack is a foreign corporation duly authorized to conduct business in the State of New York.

40. Defendant Mack is a corporation doing business in the State of New York.

41. Defendant Mack is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

42. That at all times mentioned herein, defendant Mack, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived

substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

43. That at all times mentioned herein, defendant Mack, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

44. Defendant Mack was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

45. At all times relevant hereto, defendant Mack regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

46. Defendant Mack manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had Defendant Federal Signal's sirens incorporated into the apparatuses.

47. Defendant Pierce Manufacturing, Inc. (hereinafter Pierce) is a corporation organized and existing under the laws of the State of Wisconsin.

48. Defendant Pierce is a foreign corporation duly authorized to conduct business in the State of New York.

49. Defendant Pierce is a corporation doing business in the State of New York.

50. Defendant Pierce is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

51. That at all times mentioned herein, defendant Pierce, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York,

6

and/or derived substantial revenue from interstate commerce.

52. That at all times mentioned herein, defendant Pierce, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

53. Defendant Pierce was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling fire apparatus and other emergency vehicles.

54. At all times relevant hereto, defendant Pierce regularly and continuously did business in the State of New York by selling and distributing its products to fire departments and fire companies throughout the State of New York.

55. Defendant Pierce manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce fire and other emergency apparatuses that had defendant Federal Signal's sirens incorporated into the apparatuses.

56. Defendant, Federal Signal Corporation (hereinafter Federal Signal), is a corporation that, upon information and belief, is organized and existing under the laws of the State of Delaware.

57. Defendant Federal Signal is a foreign corporation duly authorized to conduct business in the State of New York.

58. Defendant Federal Signal is a corporation doing business in the State of New York.

59. Defendant Federal Signal is organized, existing and/or doing business in the State of New York, pursuant to the laws of New York.

60. That at all times mentioned herein, defendant Federal Signal, transacted business within the State of New York or engaged in other persistent course of conduct and/or derived

substantial revenue from goods used or consumed or services rendered in the State of New York, and/or derived substantial revenue from interstate commerce.

61.     That at all times mentioned herein, defendant Federal Signal, knew or should have reasonably known that its acts and business activities would have consequences within the State of New York.

62.     Defendant Federal Signal was, at all times relevant hereto, engaged in the business of designing, manufacturing, and selling sirens.

63.     At all times relevant hereto, defendant Federal Signal regularly and continuously did business in the State of New York by selling and distributing sirens for use in fire apparatus, including but not limited to, pump trucks, ladder trucks, paramedic vehicles, hook and ladders and other vehicles used by fire departments and fire companies throughout the State of New York.

64.     Specifically, defendant Federal Signal has designed and marketed the "Q-Siren" for use on fire trucks.

65.     Defendant Federal Signal has also designed and marketed the "e-Q2B" and various other sirens for use on fire trucks.

66.     Defendant manufactured, sold, marketed, distributed, designed or otherwise placed into the stream of commerce as its own products, the "Q-Siren" (and sub-models thereof) and the "e-Q2B" (hereinafter collectively referred to as "sirens") for use in fire apparatus, including but not limited to, pump trucks, ladder trucks, paramedic vehicles, hook and ladders and other vehicles used by the City of Buffalo Fire Department which employed the Plaintiffs.

67.     Plaintiffs were required to ride the aforementioned equipment to the scene of fires and other emergencies thereby exposing the Plaintiffs to loud and excessive noise levels.

68. Sirens emit intense noise at levels which, over time, are capable of causing permanent injury to human hearing. Sirens also emit high intensity sounds within a narrow frequency range which cause permanent injury to human hearing.

69. Repeated exposure to such intense noise emitted from the sirens has caused the Plaintiffs to suffer permanent hearing loss.

## COUNT I - STRICT LIABILITY - ALF, KME, MACK, PIERCE & SEAGRAVE

70. Plaintiffs incorporate by reference herein paragraphs 1 through 69 as if set forth at length.

71. The apparatuses manufactured, marketed, distributed and/or sold by defendants were in a defective condition in one or more of the following aspects:

   (a) The vehicles were not designed with a fully enclosed crew cab thereby inviting excessive noise to infiltrate the crew compartment;

   (b) The crew compartments of the vehicles lacked sufficient sound insulation or other noise dampening measures that would lower the intense noise produced by Federal Signal's sirens to a level that was not dangerous to the firefighters who rode aboard their products.

   (c) The placement and mounting of the sirens on the apparatuses failed to minimize and/or contributed to the infiltration of excess sound from the sirens into the crew compartment.

   (d) The defendants failed to test their various apparatuses to determine if the sound levels in the crew compartments were within industry and governmental standards.

   (e) The defendants new or should have known that a feasible alternative design to the Federal "Q" siren existed by way of the addition of the Compliance Technologies' shroud.

72. Said defects existed at the time the products left the manufacturer.

73. Repeated exposure over a period of time to the noise emitted by Federal Signal's sirens, on the various apparatus and/or vehicles manufactured by the defendants and used by plaintiffs, has directly and proximately caused permanent, irreversible hearing loss to plaintiffs who are consumers and end users of defendants' products.

74. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

75. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

76. ALF, KME, and Seagrave are strictly liable to plaintiffs for their hearing loss.

WHEREFORE, plaintiffs, individually, demand judgment in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), against defendants American LaFrance, Kovatch Mobile Equipment Corporation, Seagrave Fire Apparatus, LLC, Mack Truck and Pierce Manufacturing, together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE - ALF, KME, MACK, PIERCE & SEAGRAVE

77. Plaintiffs incorporate by reference herein paragraphs 1 through 76 as if set forth at length.

78. Defendants are under a duty to manufacture, market, promote, distribute, sell vehicles with adequate insulation or sound dampening and to use reasonable care to avoid inflicting physical harm or injury to the consumer or end user of its products such as the plaintiffs.

79. Defendants breached their duty to the plaintiffs in that:

   (a) Defendants knew or should have known that the products it manufactured, marketed, advertised, promoted, distributed and sold were inherently dangerous, defective and hazardous to human hearing in that they allowed too much siren noise to infiltrate the crew areas;

   (b) Defendants failed to use reasonable care to test their products to determine if the noise levels in the crew areas, when sirens were in operation, was harmful to hearing;

    (c)    Defendants failed to use reasonable care to design, test and develop crew cabs that would allow the use of a siren and still maintain adequate sound dampening so that the siren's noise did not harm the occupants;

    (d)    Defendants failed to utilize after-market modifications to the Federal Signal "Q" siren, such as the Compliance Technology shroud, that would reduce rearward noise infiltration to the crew compartment and;

    (e)    Defendants failed to use reasonable care to render their products safe or to provide sufficient safeguards to allow the use of the sirens by plaintiffs.

80. As a direct and proximate result of defendants' negligence, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by Federal Signal's products which infiltrated the crew areas of the defendants' apparatuses.

81. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

82. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs, individually, demand judgment in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), against defendants American LaFrance, Kovatch Mobile Equipment Corporation, Seagrave Fire Apparatus, LLC, Mack Truck and Pierce Manufacturing, together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

### COUNT III - STRICT LIABILITY - FEDERAL SIGNAL

83. Plaintiffs incorporate by reference herein paragraphs 1 through 82 as if set forth at length.

84. The sirens were manufactured, marketed, distributed and/or sold by defendant

Federal Signal in a defective condition in that despite there being no industry requirement or practical need for the sirens to emit intense omni-directional noise at a pitch and decibel level which is unreasonably dangerous to the plaintiffs. The defects existed at the time the products left the manufacturer.

85. In fact, Federal Signal was aware of products from other manufacturers, e.g. the Compliance Technology shroud, which were purchased and installed by various fire departments that were specifically designed to reduce excess noise exposure to firefighters while maintaining the "Q" siren's compliance with all industry regulations.

86. Repeated exposure over a period of time to the noise emitted by Federal Signal's sirens, on the various apparatus and/or vehicles used by plaintiffs has directly and proximately caused permanent, irreversible hearing loss to plaintiffs who are a consumer and end user of Defendant's products.

87. As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

88. Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

89. Federal Signal is strictly liable to plaintiffs for their hearing loss.

WHEREFORE, plaintiffs, individually, demand judgment in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), against defendant Federal Signal Corp., together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

### COUNT IV - NEGLIGENCE - FEDERAL SIGNAL

90. Plaintiffs incorporate by reference herein paragraphs 1 through 89 as if set forth at

length.

91.     Defendant is under a duty to manufacture, market, promote, distribute, sell and install sirens on vehicles with reasonable care to avoid inflicting physical harm or injury to the consumer or end user of its products such as the plaintiffs.

92.     Defendant breached its duty to the plaintiffs in that:

   (a)  Defendant knew or should have known that the products it manufactured, marketed, advertised, promoted, installed, distributed and sold were inherently dangerous, defective and hazardous to human hearing;

   (b)  Defendant failed to use reasonable care to test its products to determine if the noise emitted when the products were in operation was harmful to hearing;

   (c)  Defendant failed to use reasonable care to design, test and develop sirens which were safe to human hearing;

   (d)  Defendant knew or should have know that there existed feasible alternative designs that were adoptable to the "Q" siren that would reduce the level of sound infiltrating the crew compartment of the trucks all the while maintaining the siren's compliance with all industry standards and;

   (e)  Defendant failed to use reasonable care to render its products safe or to provide sufficient safeguards for the use of the sirens by plaintiffs.

93.     As a direct and proximate result of Federal Signal's negligence, plaintiffs have suffered irreversible hearing loss due to exposure to the intense noise emitted by Federal Signal's products.

94.     As a result of the injuries sustained by plaintiffs, each has suffered a permanent decrease of their hearing and thereby has suffered a diminution in their ability to enjoy life and life's pleasures.

95.     Plaintiffs have incurred and will incur medical and other expenses in connection with their hearing loss.

WHEREFORE, plaintiffs, individually, demand judgment in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), against defendant Federal Signal Corp., together with the costs and disbursements of this action and such other relief as the Court may deem just and proper.

Dated: New York, New York
       January 14, 2015

                                                NAPOLI BERN RIPKA SHKOLNIK, LLP
*Attorneys for Plaintiffs*

_____
Marc J. Bern, Esq.
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700