UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ACOSTA v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-881A(F) |
| BAUTISTA v. AMERICAN LAFRANCE, LLC, et. al. | 14-CV-884A(F) |
| BROWN v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-886A(F) |
| CLARK v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-887A(F) |
| CROCKER v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-889A(F) |
| FITZPATRICK v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-891A(F) |
| HARRINGTON v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-893A(F) |
| HOFFSTETTER v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-894A(F) |
| JOHNSON v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-895A(F) |
| KINSLEY v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-896A(F) |
| LOTOCKI v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-897A(F) |
| McALLISTER v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-898A(F) |
| MENGE v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-899A(F) |
| PERRY v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-900A(F) |
| RELOSKY v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-902A(F) |
| SANFORD v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-903A(F) |
| STANTON v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-904A(F) |
| SWAREZ v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-905A(F) |
| WALLS v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-907A(F) |
| WREST v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-908A(F) |

_____

APPEARANCES:	NAPOLI BERN RIPKA & ASSOCIATES, LLP
Attorneys for Plaintiffs
MARC J. BERN, of Counsel
3500 Sunrise Highway, Suite T-207
Great River, New York 11739

BERN RIPKA LLP
Attorneys for Plaintiffs
TATE J. KUNKLE, of Counsel
60 East 42nd Street, Suite 950
New York, New York  10165

CIPRIANI & WERNER, P.C.
Attorneys for Defendants American LaFrance, LLC,
Kovatch Mobile Equipment Corp.
ALISON MORRISSEY,
MORGAN A. SACK, of Counsel
450 Sentry Parkway, Suite 200
Blue Bell, Pennsylvania  19422

BILLET & ASSOCIATES, LLC
Attorneys for Defendant  Seagrave Fire Apparatus, LLC
LAUREN V. PLEVINSKY, of Counsel
2000 Market Street, Suite 2803
Philadelphia, Pennsylvania 19103

LONG & LONG, LLC
Attorneys for Defendant Mack Trucks, Inc.
WESLEY T. LONG, of Counsel
305 West Pittsburgh Street
Greensburg, Pennsylvania  15601

COLUCCI & GALLAHER, P.C.
Attorneys for Defendant Pierce Manufacturing, Inc.
MARYBETH P. MANTHARAM, of Counsel
2000 Liberty Building
424 Main Street
Buffalo, New York  14202-3695

THOMPSON COBURN LLP
Attorneys for Defendant Federal Signal Corporation
J. DAVID DUFFY, of Counsel
55 East Monroe Street, 37th Floor
Chicago, Illinois  60603

GOLDBERG SEGALLA LLP
Attorneys for Defendant Federal Signal Corporation
JOHN J. JABLONSKI, of Counsel
665 Main Street, Suite 400
Buffalo, New York  14203

In this product liability class action brought by firefighters alleging hearing impairment resulting from excessive exposure to fire engine siren sound, by Decision and Order filed May 10, 2016 (Dkt. 89) ("the D&O"), the court granted Defendant Federal Signal's ("Federal Signal") request for sanctions against Plaintiffs' law firm Napoli Bern caused by the firm's bad faith cancellation of a scheduled mediation required under the court's mandatory ADR Plan.  Specifically, the court found that because one of Napoli Bern's named partners improperly cancelled the mediation, one of Defendant Federal Signal's attorneys, Jan Miller ("Miller"), a partner at Thompson Coburn, LLP ("Thompson Coburn"), Federal Signal's attorneys, who was then en route to Buffalo to attend the mediation, was forced to return to his St. Louis law office causing unnecessary expenses to Federal Signal warranting an award of Federal Signal's expenses incurred as a result of the Napoli Bern's cancellation of the mediation.  D&O at 9.  Federal Signal's motion included documentation supporting its sanctions request in the amount of $3,600 representing Mr. Miller's billable time at $400/hr. in preparing for the cancelled mediation, plus $789.83 for wasted air fare, hotel and meal expenses totaling $4,389.83, and an additional $1,749 representing 6.3 hours at $255/hr. for Audrey Mense, an associate at Thompson Coburn, and at $330/hr. for J. David Duffy ("Duffy"), a partner ("Federal Signal's Application").

In Plaintiffs' response, Dkt. 91, Plaintiffs question only the hourly billings rates for Miller and Duffy.  Specifically, Plaintiffs question whether Miller and Duffy actually bill

3

Federal Signal their respective hourly rates as stated in their declaration. *Id.* Plaintiffs state that Plaintiffs are questioning "the unsubstantiated and apparently arbitrary billing rate[s]," attributable to Miller and Duffy. Dkt. 91 at 3. In reply, Federal Signal submits copies of Thompson Coburn invoices for September 2015 for the matter which indicate that Miller's billing rate is in fact $400/hr. and Duffy's is $330/hr. *See* Dkt. 93-1 at 4, and an invoice dated October 23, 2015 indicating Duffy's time on the case for the period covered by that invoice was $330/hr. Dkt. 93-1 at 10. A third invoice dated November 25, 2015 also confirms Duffy's rate to be $330/hr. Dkt. 93-1 at 15. Taken together with Duffy's Declaration in support of Defendant's motion, Dkt. 71-1 ¶¶ 5, 7, Federal Signal's submission sufficiently establishes that Miller and Duffy's hourly rates are respectively $400/hr. and $330/hr. *See Mar Oil, S.A. v. Morrissey*, 982 F.2d 830, 842-43 (2d Cir. 1993) (rejecting district court's award of attorney's fees at hourly rate that was substantially higher than hourly rate at which attorney had billed client based on attorney's bills which are "high evidence" of the maximum value of the attorney's services. Accordingly, there is no need for discovery on this issue as Plaintiffs request, Dkt. 91 at 3, and Plaintiffs' request is therefore DENIED.

## CONCLUSION

Based on the foregoing, Federal Signal's Application in the amount of $6,188.83 to be paid by Napoli Bern is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: July \_\_\_, 2016
      Buffalo, New York