UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ACOSTA v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-881A(F) |
| BAUTISTA v. AMERICAN LAFRANCE, LLC, et. al. | 14-CV-884A(F) |
| BROWN v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-886A(F) |
| CLARK v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-887A(F) |
| CROCKER v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-889A(F) |
| FITZPATRICK v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-891A(F) |
| HARRINGTON v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-893A(F) |
| HOFFSTETTER v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-894A(F) |
| JOHNSON v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-895A(F) |
| KINSLEY v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-896A(F) |
| LOTOCKI v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-897A(F) |
| McALLISTER v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-898A(F) |
| MENGE v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-899A(F) |
| PERRY v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-900A(F) |
| RELOSKY v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-902A(F) |
| SANFORD v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-903A(F) |
| STANTON v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-904A(F) |
| SWAREZ v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-905A(F) |
| WALLS v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-907A(F) |
| WREST v. AMERICAN LAFRANCE, LLC, et al. | 14-CV-908A(F) |

_____

**DECISION AND ORDER**

APPEARANCES:	THOMPSON COBURN LLP
		Attorneys for Defendant Federal Signal Corporation
		J. DAVID DUFFY,
		AUDREY MENSE, of Counsel
		55 East Monroe Street, 37th Floor
		Chicago, Illinois  60603

		GOLDBERG SEGALLA LLP
		Attorneys for Defendant Federal Signal Corporation
		JOHN J. JABLONSKI, of Counsel
		665 Main Street, Suite 400
		Buffalo, New York  14203

		TIMOTHY A. BALL
		CITY OF BUFFALO CORPORATION COUNSEL
		Attorney for Respondents City of Buffalo Purchasing Division
		and the Buffalo Fire Department
		J. CHRISTINE CHIRIBOGA,
		Assistant Corporation Counsel, of Counsel
		1100 City Hall
		65 Niagara Square
		Buffalo, New York   14202

In this products liability action, Plaintiffs, 193 present and former City of Buffalo, a non-party, ("the City") firefighters, claim Defendant Federal Signal ("Federal Signal") negligently designed and manufactured fire engine sirens resulting in Plaintiffs' hearing losses caused by continued exposure, during emergency responses, to the sound created by Defendant's sirens installed on the City firefighting trucks and vehicles in which Plaintiffs were transported in response to emergency calls.

Before the court is the City's motion, filed October 12, 2016, Dkt. 107 ("City's motion") to quash a subpoena *duces tecum* to produce records pursuant to Fed.R.Civ.P. 45(a)(1)(D) served by Defendant on July 25, 2016 pertaining to the first

group of Plaintiffs.[1]  The City's motion is supported by the Declaration of J. Christine Chiriboga, Assistant Corporation Counsel, Dkt. 107-1, ("Chiriboga Declaration"), the Affidavit of Garnell W. Whitfield, Jr., Exh. A to Chiriboga Declaration (Dkt. 107-2) ("Whitfield Affidavit"), and the Affidavit of Anthony J. Greco, Exh. B to Chiriboga Declaration (Dkt. 107-3) ("Greco Affidavit"), together with Memorandum of Law In Support Of Motion To Quash (Dkt. 107-4) ("City's Memorandum").  In opposition, on November 3, 2016, Defendant filed Federal Signal Corporation's Response To The City of Buffalo And The Buffalo Fire Department's Motion To Quash (Dkt. 111) ("Federal Signal's Response").  On November 10, 2016, the City filed its Reply Memorandum of Law In Support Of Motion To Quash (Dkt. 112) ("City's Reply").  Oral argument was deemed unnecessary.

Prior to Federal Signal's two subpoenas at issue, served on July 22, 2016, Dkt. 100-1, on the City's Fire Departments' Records Custodian (Dkt. 100-1) ("Subpoena No. 1") and the head of the City's Purchasing Division (Dkt. 100-2) ("Subpoena No. 2"), the City had been previously served in September 2015 and March 2016 with similar subpoenas by two other defendants in this action, Pierce Manufacturing ("Pierce") and Mack Trucks ("Mack") seeking records substantially similar to those sought by Federal Signal's more recently served subpoenas.  These defendants have since been terminated from the action leaving Federal Signal as the sole remaining defendant.  In an attempt to facilitate the City's voluntary compliance with the prior served subpoenas, Defendants Mack, Pierce and Federal Signal, communicated with a City assistant corporation counsel during the prior October 2015 to May 2016 period who preceded

---

[1]  The parties have agreed to process discovery in smaller groupings of the 193 Plaintiffs.

the present City attorney who assumed responsibility for the matter in June 2016. Defendants' efforts included offering assistance to the City in the location and retrieval of responsive records as well as providing, at Defendants' expense, staff to review records along with vendors to copy responsive records. Dkt. 111 at 2 (referencing Dkt. 103-5). The prior assistant corporation counsel assigned to the motion provided a modicum of cooperation and production of responsive documents. *See* Dkt. 103-5 (*passim*). According to Federal Signal, despite its good faith efforts to communicate with the present City's attorney, it was unable to do so. Dkt. 111 at 3. Although Defendants' previous efforts and communication with the City's prior counsel between October 2015 and May 2016 resulted in the City's limited compliance with the two prior subpoenas, the "vast majority" of Defendants' document requests under the subpoenas remain unsatisfied. Dkt. 111 at 2.[2]

Federal Signal's two subpoenas seeking a wide-ranging number of records and documents it believes are relevant to Plaintiffs' claims and Federal Signal's defenses. Federal Signal notes that it has received cooperation from six major city fire departments in response to significant and similar discovery requests in firefighter hearing loss litigation over the past 20 years but has been, for the first time, "stonewalled" by the City in this case. Dkt. 111 at 3. Specifically, Subpoena No. 1 requests the City produce eight categories of documents related to the City's firefighting equipment such as identifying information, a description of existing firefighting apparatus related design specifications particularly related to the type of siren selected by the City and location on the City's fire apparatuses, purchasing and maintenance

---

[2] No timely motion to quash was filed against the earlier subpoenas by the City.

information, response time logs, user manuals, the use of siren sound suppression products, and seven categories of documents relating to the purchase of sirens for the City's firefighting apparatuses including competitive bids, specifications, manufacturer's operating instructions, and the City's records concerning the testing of such equipment. Federal Signal's Subpoena No. 2, directed to the Records Custodian of the City Fire Department, requests the City to produce two categories of records relating to Plaintiffs' personnel and medical records, eight categories of records related to the types and use of the City's firefighting equipment similar to those requested by Subpoena No. 1, including the use of siren sound suppression devices, as well as records relating to the City's acquisition of its firefighting equipment such as requests for proposals, specifications, and testing of such equipment purchased over the past 20 years by the City, records relating to firefighter safety and training including policies, use of equipment, and purchases for the prevention of firefighter hearing loss, the results of any studies directed to such hearing loss, firefighter occupational hearing loss claims, including worker compensation claims, equipment response time records, standard operating procedures in connection with the use of the city's firefighting equipment, documents reflecting the City's compliance with government required firefighter occupational health and safety regulations, identification of persons with knowledge of the foregoing subjects and the City and City Fire Department's document and record retention policy.

At the outset, Federal Signal argues the City failed to meet and confer, pursuant to Fed.R.Civ.P. 37(a)(1) ("Rule 37(a)(1)") ("meet and confer"), prior to filing the instant motion. Dkt. 111 at 4 (citing caselaw). However, neither Rule 37(a)(1) nor this court's local rules requires a meet and confer prior to a Rule 45(d)(3) motion to quash. While a

meet and confer is undoubtedly a salutary pre-motion undertaking, the City's motion makes it clear that the City has no interest in such an activity and thus imposing such a requirement upon the City at this time would be undoubtedly futile and would therefore unnecessarily delay the disposition of the instant motion.

The City raises several contentions in support of its motion to quash.  First, the City asserts Federal Signal's subpoenas seek irrelevant information.  Dkt. 107-4 at 5.  "The reach of a subpoena issued pursuant to Fed.R.Civ.P. 45 is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)."  *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998).  Under Fed.R.Civ.P. 26(b)(1), discovery is available for information relevant to a claim or defense if proportional to the needs of the case.  Here, Federal Signal is confronted with claims by scores of present and former City firefighters that the use of Federal Signal's sirens on firefighting apparatus in or on which Plaintiffs were riding while responding to emergency calls over a period of 41 years has caused Plaintiffs' alleged hearing losses.  While Plaintiffs have not sought the same records requested by the subpoenas (at a status conference with court conducted November 2, 2016 (Dkt. 109) Plaintiffs' counsel indicated Plaintiffs intended to rely solely on Plaintiffs' testimony and expert evidence), it is not unreasonable for Federal Signal to thoroughly investigate, if not reconstruct, the actual circumstances upon which Plaintiffs' case is in fact founded to enable it to pursue numerous obvious defenses, including, for example and without limitation, Plaintiffs' pre-existing conditions, Plaintiffs' initial awareness of the alleged injuries relevant to potential accrual of any applicable statute of limitations defense, Federal Signal's compliance with purchaser, *i.e.*, the City's, specifications, issues of causation, product abuse, misinstallation, lack of proper maintenance, mitigation, and damages.  Thus,

regardless of Plaintiffs' lack of perceived need for the same information sought by Federal Signal, Federal Signal is entitled to obtain any records from any source upon which it reasonably expects to defend this action, and those containing information and data particularly required to enable its experts to counter, by cross-examination or opposing expert opinion testimony, Plaintiffs' expected expert evidence.  Thus, the City's attempt to minimize Federal Signal's need for such documents as Plaintiffs' "toxicology records," "therapy records," and "slides" as wholly unrelated to the issues in this case, City Reply at 3-4, ignores the obvious relevance of such information to whether any Plaintiffs suffered from other health issues that could reasonably have caused or aggravated the asserted hearing losses.  The City's dismissive opposition of Federal Signal's subpoenas for lack of relevance proportional to the needs of the case involving, as it does, 193 Plaintiffs with alleged damages accruing over a 41-year period, is therefore without merit.  Additionally, the City's objection that Federal Signal has failed to provide adequate authorizations to the Buffalo Fire Department to permit access to Plaintiffs' health and personnel records is also incorrect as Defendants have already done so, see Dkt. 43; Dkt. 103-1 ¶ 5, and will continue to do so.  Dkt. 111 at 5.

The City primarily opposes the subpoenas on the ground that compliance will be excessively burdensome.  Dkt. 107-4 at 6.  The City also argues that it is entitled to reimbursement for its expenses, including the costs of providing counsel to oversee compliance.  Dkt. 107-4 at 7.  The City also objected to compliance for any Fire Department vehicles without sirens as overly broad.  Id.  With regard to records concerning Plaintiffs' complaints of hearing loss during Plaintiffs' employment, the City contends compliance would necessitate reviewing the personnel files for each Plaintiff.  Id. at 8.  The City also argues that in order to comply with the subpoenas' request for

identification of Fire Department safety officers, the Department would be required to engage in an exhaustive search of records since 1973. Dkt. 107-4 at 9. Such contentions border on the trivial.

Information regarding hearing loss claims by City fire department personnel who operated official vehicles without sirens could provide evidence that factors other than siren exposure causes firefighter hearing loss, and a search for the names of the safety officers is no more burdensome than any of the other Federal Signal requests which is to be expected in a case of this magnitude and complexity. The City's burdensomeness objection is, moreover, substantially obviated by Federal Signal's offer to reduce any burden on compliance by conducting the necessary search, retrieval, and copying of responsive records and documents with personnel and equipment supplied by Federal Signal at its own expense. Dkt. 111 at 2; 10. In a case involving the potential review of 39,000 files to retrieve relevant, unprivileged, documents to comply with a subpoena, the court held the subpoena imposed formed no undue burden where the party serving the subpoena agreed to share the costs of production and privilege review. *United States v. California Rural Legal Assistance, Inc.*, 824 F.Supp.2d 31, 46-47 (D.D.C. 2011), *aff'd in part, vacated in part, and remanded*, 722 F.3d 424 (D.C. Cir. 2013). Here, the City does not assert any of the requested documents are privileged. Accordingly, although compliance with Federal Signal's subpoenas will likely entail some degree of burden and inconvenience, it is also true that "'[e]very subpoena imposes a burden in its recipient,'" *California Rural Legal Assistance, Inc.*, 824 F.Supp.2d at 46 (quoting *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*, 5 F.3d 1508, 1517 (D.C. Cir. 1993)), and a cost-sharing of expenses will substantially moderate any such inconvenience. *California Rural Legal*

*Assistance, Inc.*, 824 F.Supp.2d at 46-47.  That no privilege is claimed by the City in the subpoenaed documents and records defeats the City's request for reimbursement of any attorney time the City asserts is required to monitor the retrieval and copying of tis records and documents in the compliance process.  Thus, the City's Fire Department Commissioner's opinion, Dkt. 102-2, that compliance with the subpoenas will require substantial manpower which the City does not have available to it fails as a basis to find the subpoenas will create an undue burden.  The Greco Affidavit (Dkt. 107-3) confirming, *inter alia,* the availability of "run journals" which are within the scope of the subpoenas, explaining the confined storage facilities for many of the requested records, is similarly not a valid obstacle to compliance.  Accordingly, by requiring Federal Signal to bear the predominant share of the cost of compliance with the subpoenas, limiting the City's inconvenience to providing reasonable access, assistance and oversight, the City's burdensome objection should be and is overruled.  *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) ("motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court'" (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000))).

## CONCLUSION

Based on the foregoing, the City's motion (Dkt. 107) is DENIED.  The City shall <u>within</u> <u>10</u> <u>days</u> of this Decision and Order make all records in its possession, custody or control within the terms of the subpoenas available to Federal Signal to facilitate Federal Signal's review and copying at its expense during the City's normal working hours.  Federal Signal shall also reimburse the City for 50% of the cost of one employee to facilitate and oversee Federal Signal's access to and copying of such responsive

records and to provide reasonable safeguards to protect the integrity and security of all records which Federal Signal designates to the City in writing for its review and copying in accordance with the subpoenas.  Such reimbursement shall be at the normal hourly rate of compensation for the City employee whom the City employee may designate to Federal Signal for this purpose, and the time incurred by such employee shall be recorded in a contemporaneous daily log and provided to Federal Signal together with the City's invoice for reimbursement which shall be submitted to Federal Signal on a bi-weekly basis.

SO ORDERED.

                                       /s/ *Leslie G. Foschio*
                              _____
                                 LESLIE G. FOSCHIO
                             UNITED STATES MAGISTRATE JUDGE

Dated:  November 17, 2016
        Buffalo, New York